3:22cv00178 (GTS/ML)

# EXHIBIT A

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM                INDEX NO. EF2022-0013
NYSCEF DOC. NO. 1    Case 3:22-cv-00178-GTS-ML   Document 2   Filed 02/25/22   Page 2 of 18   RECEIVED NYSCEF: 01/12/2022

CI2022-00608                                                                    Index # : EF2022-0013

# STATE OF NEW YORK
## SUPREME COURT – COUNTY OF TOMPKINS

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
Attorney for Plaintiff, Dr. Barry A. Cohen
308 North Tioga St., Second Floor
Ithaca, New York 14850
607.269.1300; 607.269.1301 fax
office@kopko.law

| | |
|---|---|
| BARRY A. COHEN,<br><br>     Plaintiff,<br><br>v.<br><br>ARNOT HEALTH, INC., and ARNOT OGDEN MEDICAL CENTER, d/b/a ARNOT HEALTH, and ELEANOR CALLANAN, individually,<br><br>       Defendants. | Index No. |

### SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

  YOU ARE HEREBY SUMMONED, to answer this complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**DEFENDANTS' ADDRESSES**
ARNOT HEALTH, INC.
600 ROE AVE, ELMIRA, NY 14905

ARNOT OGDEN MEDICAL CENTER
600 ROE AVE, ELMIRA, NY 14905

ELEANOR CALLANAN
C/O ARNOT HEALTH, INC.
600 ROE AVE, ELMIRA, NY 14905

**PLAINTIFF'S ADDRESS**
County of Belknap
State of New Hampshire

1

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 3 of 18

CI2022-00608

Index #: EF2022-0013

**VENUE**

Pursuant to CPLR 503(a), the place of trial shall be in the County of Tompkins, as the defendants conduct business in the County of Tompkins.

*[signature]*

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
Attorney for Plaintiff, Dr. Barry A. Cohen
308 N. Tioga Street, Second Floor
Ithaca, New York 14850
607.269.1300; Fax 607.269.1301
office@kopko.law
Wednesday, January 12, 2022

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM       INDEX NO. EF2022-0013
NYSCEF DOC. NO. 2                                                                    RECEIVED NYSCEF: 01/12/2022
Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 4 of 18

CI2022-00609                                                              Index # : EF2022-0013

**STATE OF NEW YORK**
**SUPREME COURT – COUNTY OF TOMPKINS**

Edward E. Kopko
Edward E. Kopko, Lawyer, P.C.
Attorney for Plaintiff, Dr. Barry Cohen
308 North Tioga Street, 2nd Floor
Ithaca, New York 14850
607.269.1300; Fax 607.269.1301
office@kopko.law

| | |
|---|---|
| BARRY A. COHEN,<br><br>              Plaintiff,<br><br>v.<br><br>ARNOT HEALTH, INC., ARNOT OGDEN MEDICAL CENTER, d/b/a ARNOT HEALTH, and ELEANOR CALLANAN, individually,<br><br>              Defendants. | INDEX No.:<br><br>**VERIFIED COMPLAINT** |

BARRY A. COHEN, by his attorney, EDWARD E. KOPKO, LAWYER, PC, complaining of ARNOT HEALTH, INC., ARNOT OGDEN MEDICAL CENTER, d/b/a ARNOT HEALTH, and ELEANOR CALLANAN, individually, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action against Arnot Health, Inc. and Arnot Ogden Medical Center, d/b/a Arnot Health, for age discrimination in the terms, conditions, and privileges of employment as protected under the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. § 621 et seq. and The New York State Human Rights Law, Executive Law §§ 290 et seq.

1

2. Dr. Barry A. Cohen brings causes of action against Eleanor Callanan, individually, for aiding and abetting age discrimination under the New York State Human Rights Law, executive law §§ 290 et seq. ("Human Rights Law").

3. Dr. Barry A. Cohen also seeks costs and attorney's fees authorized by 29 U.S.C. § 623 (a) (1) and other relevant statutes.

## JURISDICTION AND VENUE

4. The jurisdiction of the Court over this controversy as to enforcement of the provisions of the ADEA, 29 U.S.C. §626 is based upon 28 U.S.C. § 1331, as the questions before this Court are federal questions.

5. The jurisdiction of the Court over the State claim is brought under the Human Rights Law.

6. Cohen has complied with all conditions precedent to jurisdiction under 29 U.S.C. § 621 et seq., specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within the required period. A notice of a right to sue was issued, attached as Exhibit 1, and the original federal complaint was filed within 90 days of the receipt of said notice.

7. Arnot Health, Inc. and Arnot Ogden Medical Center, d/b/a Arnot Health, is an employer in an industry that affects commerce and, upon information and belief, employs over 60 employees, qualifying as an employer for purposes of the ADEA and the New York State Human Rights Law.

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2

Case 3:22-cv-00178-GTS-ML   Document 2   Filed 02/25/22   Page 6 of 18

INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

CI2022-00609

Index #: EF2022-0013

8. The unlawful employment practices alleged below were committed within this jurisdiction.

## PARTIES

9. At all times hereinafter mentioned, Dr. Barry A. Cohen ("Dr. Cohen") was a resident of Bucks County, State of Pennsylvania.

10. Upon information and belief, Arnot Health, Inc. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 600 Roe Ave, Elmira, NY 14905.

11. Upon information and belief, Arnot Ogden Medical Center, d/b/a Arnot Health, was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 600 Roe Ave, Elmira, NY 14905.

12. Upon information and belief, Arnot Health, Inc. and Arnot Ogden Medical Center, d/b/a Arnot Health, ("Arnot"), acted in concurrence in regard to all of the allegations contained in this Complaint.

13. Arnot was and is under a duty to abide by the ADEA, as well as State and local laws, and the case law arising therefrom which prohibits discrimination in employment on the basis of age.

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 7 of 18
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022
CI2022-00609
Index #: EF2022-0013

14. Upon information and belief, at all times relevant, Eleanor Callanan, ("Callanan") is an adult female individual, who was and is a Manager of Provider Recruitment & Retention at Arnot Health and is a resident of the State of New York.

15. Callanan and Arnot knew their actions constituted unlawful discrimination and/or showed reckless disregard for Dr. Cohen's statutorily protected rights.

16. At all times relevant to the allegations in this complaint, Callanan was the authorized employee of Arnot, working within the scope of her employment with the knowledge and consent of Arnot.

## FACTS

17. Upon information and belief, Arnot posted an opening for a Sleep Physician on the American Academy of Sleep Medicine Job Board in August of 2019.

18. Dr. Cohen is an experienced Sleep Physician.

19. Dr. Cohen is sixty-eight (68) years old, born in 1953.

20. On or about Wednesday, August 28, 2019, Dr. Cohen applied for the Sleep Physician position online and followed up with Callanan via email to confirm receipt of his application.

21. Dr. Cohen was licensed to practice medicine in New York State when he applied for the Sleep Physician position at Arnot in August of 2019.

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
CI2022-00609
Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 8 of 18
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022
Index #: EF2022-0013

22. On or about Monday, September 09, 2019, having received no response, Dr. Cohen sent a second email to Callanan to determine whether Arnot had reviewed his application.

23. On September 25, 2019, Dr. Cohen received the email below from Callanan regarding his application, attached as Exhibit 2.

> From: Callanan, Eleanor
> Sent: Wednesday, September 25, 2019 10:32 AM
> To: B Cohen
> Subject: RE: sleep doctor
>
> Hey,
> Can you please review this CV and give me a call? Need help finding a reason that we don't want to consider a 66yo. I thought that we required fellowship training? This physician took a 120 hour sleep course in 2004 and passed the ABSM certification test.
> Thx
> Eleanor
>
> **Eleanor Callanan, PT, MBA, FASPR**
> Manager, Provider Recruitment & Retention
>
> **Arnot Health**
> Phone:     (607)-737-4247
> Toll Free: (800)-295-4555
> Cell:       (607)-228-7304
> Fax:        (607)-737-7700
> *Arnot*Health

24. Dr. Cohen was not the intended recipient of this email.

25. This email shows that Dr. Cohen was never considered for the position, solely due to his age.

26. Callanan intentionally discriminated against Dr. Cohen, on the basis of his age, depriving him of an employment opportunity.

27. Callanan, upon receiving Dr. Cohen's application, immediately began devising a plan to avoid considering him for employment due to his age.

5

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
Case 3:22-cv-00178-GTS-ML   Document 2   Filed 02/25/22   Page 9 of 18
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022
CI2022-00609
Index #: EF2022-0013

28. Callanan's refusal to consider Dr. Cohen due to his age was a refusal to complete the duties of her job and a refusal to obey both New York State Law and federal law.

29. Because of Arnot's plan, practice and conduct against older employees, Dr. Cohen has been adversely affected and denied a lucrative employment opportunity, resulting in a substantial loss of income for Dr. Cohen.

30. In intentionally taking the above-described action, Callanan and Arnot have deprived Dr. Cohen of certain benefits and privileges because of his age.

31. The actions and non-actions on the part of Callanan and Arnot are part of a plan, practice, and pattern of discrimination against older workers, which may affect others who are similarly situated to Dr. Cohen.

32. Based on the foregoing, Dr. Cohen asserts that Arnot, by its agents, employees and/or officers, discriminated against him because of his age in violation of the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. § 621 et seq., and other relevant State and local laws.

33. In intentionally taking the above-described action, Arnot caused Dr. Cohen to suffer loss of wages, legal fees, costs, and other benefits.

## DAMAGES

34. As a direct and proximate consequence of Callanan's and Arnot's intentional and unlawful discriminatory employment policies and practices, as heretofore and

6

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022
Case 3:22-cv-00178-GTS-ML   Document 2   Filed 02/25/22   Page 10 of 18
CI2022-00609
Index #: EF2022-0013

hereafter described, Dr. Cohen has suffered loss of income, including future salary increases, mental and emotional harm, and other non-pecuniary losses, including, but not limited to, emotional pain, anxiety, depression, loss of self-esteem, and has had to incur expenses, including legal fees and costs.

## AS FOR A FIRST CAUSE OF ACTION:
### ADEA (Age discrimination in violation of 29 U.S.C. § 621 et. seq., discrimination by Callanan and Arnot based on age.)

35. Dr. Cohen repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 30 of this Complaint with the same force and effect as if each were fully set forth herein.

36. Dr. Cohen is sixty-eight (68) years old, and as such, he is a member of a class of persons covered and protected by 29 U.S.C. § 621 et seq.

37. Callanan intentionally discriminated against Cohen on the basis of his age, depriving him of an employment opportunity.

38. In intentionally taking the above-described action, Callanan and Arnot have deprived Dr. Cohen of certain benefits/privileges because of his age. To wit, Dr. Cohen has been deprived of wages, bonuses, raises and various other benefits.

39. The actions and non-actions on the part of Callanan and Arnot are part of a plan, practice and pattern of discrimination against older workers, which may affect others who are similarly situated to Dr. Cohen.

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 11 of 18
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

CI2022-00609
Index #: EF2022-0013

40. Based on the foregoing, Arnot, by its agents, employees and/or officers, discriminated against him because of his age in violation of the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. § 621 et seq.

41. In intentionally taking the above-described action, Callanan and Arnot caused Dr. Cohen to suffer loss of wages, legal fees, costs, and other benefits.

**AS FOR A SECOND CAUSE OF ACTION:**
**NYSHRL (Age discrimination in violation of the NYSHRL Executive Law §§ 290 et seq., by Arnot and Callanan against Dr. Cohen.)**

42. Dr. Cohen repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 37 of this Complaint with the same force and effect as if each were fully set forth herein.

43. Dr. Cohen is sixty-eight (68) years old, and as such, he is a member of a protected class of persons under the New York State Human Rights Law Executive Law §§ 290 et seq., as it relates to age discrimination.

44. Callanan and Arnot violated New York State Human Rights Law Executive Law §§ 290 et seq. as it relates to age discrimination when they engaged in a pattern and practice of age discrimination against older employees, including Dr. Cohen.

45. Callanan intentionally discriminated against Cohen, on the basis of his age, depriving him of an employment opportunity.

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
CI2022-00609
Case 3:22-cv-00178-GTS-ML   Document 2   Filed 02/25/22   Page 12 of 18
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022
Index #: EF2022-0013

46. Callanan violated New York State Human Rights Law Executive Law §§ 290 et seq. as it relates to age discrimination when she aided and abetted in a pattern and practice of age discrimination against older employees, including Dr. Cohen.

47. In intentionally taking the above-described action, Callanan and Arnot have deprived Dr. Cohen of certain benefits/privileges because of his age. To wit, Dr. Cohen has been deprived of wages, bonuses, raises and various other benefits.

48. The actions and non-actions on the part of Callanan and Arnot are part of a plan, practice, and pattern of discrimination against older workers, which may affect others who are similarly situated to Dr. Cohen.

49. Based on the foregoing, Dr. Cohen asserts that Callanan and Arnot discriminated against him because of his age in violation of New York State Human Rights Law Executive Law §§ 290 et seq.

50. In intentionally taking the above-described action, Callanan and Arnot caused Dr. Cohen to suffer loss of wages, legal fees, costs, and other benefits.

**PRAYER FOR RELIEF**

51. **WHEREFORE,** Dr. Barry Cohen respectfully demands judgment and prays that this Court order:

    a. A declaratory judgment that Arnot Health, et al., through its agents, servants, or employees, discriminated against Dr. Cohen on the basis of his age in the terms, conditions, and privileges of employment, in violation of

the ADEA, 29 U.S.C. § 621 et seq. and The New York State Human Rights Law Section 296 et seq.;

b. A declaratory judgment that Eleanor Callanan aided and abetted in discrimination against Dr. Cohen on the basis of his age in the terms, conditions, and privileges of employment, in violation of the New York State Human Rights Law Section 296 et seq.;

c. Injunctive relief permanently restraining and enjoining Eleanor Callanan and Arnot Health from making employment decisions on the basis of age against their employees, and monitoring these employment practices;

d. To award Dr. Cohen back pay with the appropriate pay scale commensurate with the duties and functions that he would have performed, and benefits that Dr. Cohen lost as a result of Callanan and Arnot's unlawful discriminatory practices, together with all interest on said amounts;

e. Requiring Arnot Health to pay all compensatory damages for pain and suffering as well as punitive damages, which Dr. Cohen is entitled to under the respective Federal and State Anti-Discrimination Laws;

f. Requiring Eleanor Callanan to pay all compensatory damages for pain and suffering as well as punitive damages, which Dr. Cohen is entitled to under the respective New York State Anti-Discrimination Laws;

10

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2

Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 14 of 18

INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

CI2022-00609

Index #: EF2022-0013

g. Requiring Callanan and Arnot to pay to Dr. Cohen all reimbursable expenses;

h. Requiring Arnot Health to pay, under the ADEA and all other applicable statutes, reasonable attorney's fees and costs of this action;

i. Requiring Callanan to pay, under the NYSHRL and all other applicable statutes, reasonable attorney's fees and costs of this action and;

j. For such other and further relief as this Court deems just and proper.

*[signature]*

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
Attorney for Plaintiff, Dr. Barry Cohen
308 North Tioga Street, 2nd Floor
Ithaca, New York 14850
Telephone: 607.269.1300
Facsimile: 607.269.1301
office@kopko.law

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
Case 3:22-cv-00178-GTS-ML   Document 2   Filed 02/25/22   Page 15 of 18
INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

CI2022-00609

Index #: EF2022-0013

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK
COUNTY OF TOMPKINS

      Pursuant to CPLR 3020, Edward E. Kopko, an attorney duly admitted to practice law in the courts of the State of New York, under penalties of perjury, affirms the following: That deponent is the attorney for the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to matters therein stated to be alleged on information and belief, which matters we also believe to be true, and the reason this verification is not made by Plaintiff and is made by deponent is that Plaintiff is not presently located in the county where deponent-attorney maintains his office.

Edward E. Kopko, Esq.

12

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2
Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 16 of 18

INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

EXHIBIT 1

CI2022-00609  \ (11/2020)

Index #: EF2022-0013

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Barry A. Cohen<br>97 Morningside Dr<br>Laconia, NH 03246 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2020-00056 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_____
*Dana R. Hutter*
**Deputy Director**

Digitally signed by Dana Hutter
Date: 2021.10.15 18:07:35 -04'00'
*(Date Issued)*

cc:  **Jonathan Lawrence
President and CEO
ARNOT OGDEN MEDICAL CENTER
600 Roe Avenue
Elmira, NY 14905**

CI2022-00609
Enclosure with EEOC
Form 161-B (11/2020)

Index #: EF2022-0013

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued*** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

FILED: TOMPKINS COUNTY CLERK 01/12/2022 05:09 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2022-0013
RECEIVED NYSCEF: 01/12/2022

Case 3:22-cv-00178-GTS-ML    Document 2    Filed 02/25/22    Page 18 of 18

CI2022-00609

Index #: EF2022-0013

EXHIBIT 2

**From:** Callanan, Eleanor
**Sent:** Wednesday, September 25, 2019 10:32 AM
**To:** B Cohen
**Subject:** RE: sleep doctor

Hey,
Can you please review this CV and give me a call? Need help finding a reason that we don't want to consider a 66yo. I thought that we required fellowship training? This physician took a 120 hour sleep course in 2004 and passed the ABSM certification test.
Thx
Eleanor

### Eleanor Callanan, PT, MBA, FASPR
Manager, Provider Recruitment & Retention

**Arnot Health**
Phone:     (607)-737-4247
Toll Free: (800)-295-4555
Cell:      (607)-228-7304
Fax:       (607)-737-7700

*Arnot*Health